# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR HERNANDEZ,

        Petitioner,

    v.

SUPERINTENDENT, SCI FAYETTE,

        Respondent.

No. 4:21-CV-00896

(Chief Judge Brann)

## MEMORANDUM OPINION

### JUNE 7, 2022

Petitioner Victor Hernandez is currently incarcerated at the State Correctional Institution, Fayette (SCI Fayette), in LaBelle, Pennsylvania. He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his 2013 state-court conviction and sentence. Because Hernandez has plainly failed to meet the time limitations for federal habeas review, the Court must dismiss his petition.

## I.   BACKGROUND

In late 2013, Hernandez entered a guilty plea pursuant to a plea bargain with the Commonwealth of Pennsylvania, pleading guilty to aggravated assault, conspiracy, assault by a prisoner, and several other lesser offenses.[1] Hernandez was facing a maximum aggregate sentence of more than 54 years' imprisonment

---

[1] Doc. 21-7 at 1, 2.

and a maximum cumulative fine of $85,300.[2]  Under the plea agreement, he was

sentenced to 7 and ½ years' to 15 years' incarceration, to run concurrently with the

sentences he was already serving for earlier, unrelated offenses.[3]  He was fined

$1,000 plus costs,[4] which Hernandez claims totaled $2,026.50.[5]  Hernandez alleges

that this fine was imposed by the sentencing court without determining his ability

to pay it.[6]

In December 2013, counsel for Hernandez filed a motion for post-sentence

relief, seeking to vacate Hernandez's guilty plea.[7]  Hernandez claimed that his

guilty plea was coerced through pressure and intimidation by other inmates at

Lebanon County Correctional Facility and thus was involuntary.[8]  The trial court

ordered briefing and held a hearing,[9] and on April 1, 2014, it denied Hernandez's

post-sentence motion.[10]

It does not appear that Hernandez filed a direct appeal to the Superior Court

of Pennsylvania.[11]  It also does not appear that Hernandez ever filed a petition for

state post-conviction relief under Pennsylvania's Post Conviction Relief Act

---

[2]   *Id.* at 1.
[3]   *Id.* at 6; Doc. 21-9 at 1.
[4]   Doc. 21-9 at 1.
[5]   *See* Doc. 2 at 3.
[6]   Doc. 1 at 5.
[7]   Doc. 21-11 at 1-2.
[8]   Doc. 21-12 at 4.
[9]   *See* Doc. 21-14.
[10]  *See* Doc. 21-16.
[11]  *See* Doc. 2 at 2.

(PCRA).[12]

Hernandez filed the instant Section 2254 petition on April 4, 2021,[13] over seven years after his state court post-sentence motion was denied. The Court issued a standard order pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), warning Hernandez of the statutory limitations on filing second or successive habeas petitions and granting him the opportunity to withdraw his petition to file an all-inclusive one or to stand on his petition as filed.[14] Hernandez failed to return the election form, thus opting by default to have the initial petition ruled on under 28 U.S.C. § 2254.[15]

Respondent contends that Hernandez's claims are unexhausted, meritless, and barred by the AEDPA's statute of limitations. Respondent further argues that Hernandez has not established any basis for tolling the limitations period. Hernandez did not file a reply brief or "traverse," and thus his petition is ripe for disposition.

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state prisoners seeking habeas

---

[12]   42 PA. CONS. STAT. § 9541 *et seq.* (Pennsylvania's corollary to federal habeas corpus relief); *see* Doc. 2 at 3.
[13]   *See* Doc. 1 at 14.
[14]   Doc. 14.
[15]   *See id.* at 3.

corpus relief in federal court.[16]  In most cases, and as relevant for Hernandez's

petition, that one-year clock begins to run when the state conviction becomes

"final," as indicated by "the conclusion of direct review or the expiration of the

time for seeking such review."[17]  The AEDPA expressly provides for tolling of this

limitations period when "a properly filed application for State post-conviction or

other collateral relief" for the at-issue judgment is "pending."[18]

Hernandez appears to maintain that he can avail himself of one of the other

starting times found in Section 2244(d)(1) for the AEDPA's one-year limitations

period.  He alleges that the right he is asserting "is a constitutional right that was

recognize[d] by the Supreme Court of the United States or Supreme Court of

Pennsylvania" after his conviction became final,[19] apparently attempting to

implicate 28 U.S.C. § 2244(d)(1)(C).[20]  Hernandez seems to argue that the "new

right" is 42 PA. CONS. STAT. § 9726(c) as interpreted by the Supreme Court of

Pennsylvania in *Commonwealth v. Ford*, 217 A.3d 824 (Pa. 2019),[21] and that he

---

[16]  *See* 28 U.S.C. § 2244(d)(1).

[17]  *Id.* § 2244(d)(1)(A).

[18]  *Id.* § 2244(d)(2).

[19]  Doc. 1 at 13.

[20]  Section 2244(d)(1)(C) states: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).

[21]  In *Commonwealth v. Ford*, the Supreme Court of Pennsylvania held that "a [criminal] defendant's mere agreement to pay a specific fine [as part of a negotiated plea agreement] does not constitute evidence that he is or will be able to satisfy the financial obligation," as is required for sentencing by 42 PA. CONS. STAT. § 9726(c).  *Ford*, 217 A.3d at 825.

just discovered this new rule while doing research in the prison law library on April 4, 2021, the day he filed his Section 2254 petition.[22]

Hernandez's argument is incorrect for at least three reasons.  First, as the federal statute plainly indicates, Section 2244(d)(1)(C) requires a newly recognized constitutional right established by the Supreme Court of the United States, not the Supreme Court of Pennsylvania.[23]  Second, even if the decision in *Commonwealth v. Ford* qualified as a newly recognized right for the purposes of Section 2244(d)(1)(C), which it does not, that case was decided on September 26, 2019, almost two years before Hernandez filed the instant Section 2254 petition.  As the statute clearly states, the one-year limitations period begins to run on "the date on which the constitutional right asserted was *initially recognized*," not when it was discovered by the petitioner.[24]  Finally, Hernandez has not argued or established that this purported new right was made retroactively applicable to cases on collateral review.  Consequently, Section 2244(d)(1)(C) does not apply to Hernandez's habeas petition, and the Court must analyze timeliness under Section 2244(d)(1)(A).

Hernandez's post-sentence motion was denied on April 1, 2014.  Under Pennsylvania law, he had 30 days, or until May 1, 2014, to file a direct appeal.[25]

---

[22] Doc. 1 at 13.
[23] *See* 28 U.S.C. § 2244(d)(1)(C).
[24] *Id.* (emphasis added).
[25] *See* PA. R. APP. P. 903(a).

Because no appeal was filed, Hernandez's sentence became final for AEDPA purposes on May 1, 2014, the "expiration of the time for seeking such review."[26] Consequently, Hernandez had one year—or until May 1, 2015—to file a habeas petition under 28 U.S.C. § 2254.[27]  Hernandez did not file his petition until April 4, 2021, nearly *six years* out of time.  Unless there is some justification for tolling the AEDPA's limitations period, Hernandez's petition under Section 2254 is patently untimely.

Statutory tolling is of no help to Hernandez.  As admitted by Hernandez, he did not seek post-conviction relief in state court.  Therefore, his Section 2254 petition is time-barred unless he can establish some basis for equitable tolling.[28]

The AEDPA's statute of limitations is subject to equitable tolling.[29] Application of this doctrine, however, occurs "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," and must be determined on a case-by-case basis.[30]  To establish entitlement to equitable tolling, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance" prevented him from timely filing his Section 2254 petition.[31]  The diligence required is "reasonable diligence,"

---

[26]  *See* 28 U.S.C. § 2244(d)(1)(A).
[27]  *See id.*
[28]  *See Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 272 (3d Cir. 2022).
[29]  *Martin*, 23 F.4th at 272 (citing *Holland v. Florida*, 560 U.S. 631, 645-49 (2010)).
[30]  *Id.* (alteration in original) (quoting *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005)) (citing *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012)).
[31]  *Holland*, 560 U.S. at 649 (citation omitted).

not "maximum feasible diligence."[32]  Finally, the equitable tolling standard is conjunctive, requiring the petitioner to establish both elements before tolling is permitted.[33]

Hernandez has not established either element.  Notably, Hernandez has not argued for equitable tolling or even replied to Respondent's assertion that his petition is time-barred.  The gravamen of grounds one and two of Hernandez's habeas petition is that the fine that was part of his 2013 sentence violates 42 PA. CONS. STAT. § 9726(c) for the reasons given in *Commonwealth v. Ford*.  Grounds three and four assert that Hernandez's due process rights were violated when he "was never given [an] affidavit of probable cause nor arraignment."[34]  Hernandez has not demonstrated that he diligently pursued either of these post-conviction claims.  Nor has he shown that extraordinary circumstances stood in his way. Equitable tolling, therefore, simply does not apply.

In short, Hernandez's federal habeas petition is barred by the AEDPA's statute of limitations.  And there is no basis for tolling that limitations period.  His Section 2254 petition, therefore, must be dismissed.[35]

---

[32]  *Id.* at 653 (citations omitted); *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

[33]  *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012).

[34]  Doc. 1 at 8-9.

[35]  The Court must also note that Hernandez has completely failed to exhaust any of his habeas claims in state court.  This is an independent reason to deny his Section 2254 petition. *See* 28 U.S.C. § 2254(b)(1)(A).

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Hernandez's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court will likewise deny a certificate of appealability, as Hernandez has failed to make a substantial showing of the denial of a constitutional right,[36] or that "jurists of reason would find it debatable" whether this Court's procedural ruling is correct.[37]  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[36] *See* 28 U.S.C. § 2253(c)(2).
[37] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).